IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DENNIS LAMONTE BROWN,

    Plaintiff,

v.                                                             No. CV 11-0189 JP/GBW
                                                                          CR 10-2434 JP

UNITED STATES OF AMERICA,

    Defendant.

PROPOSED FINDINGS AND RECOMMENDATION

This matter is before the Court *sua sponte.* On February 28, 2011, Mr. Brown filed a §2255 habeas petition in which he argued that his federal convictions for Possession with Intent to Distribute, 21 U.S.C. § 841, and Aiding and Abetting, 18 U.S.C. § 2, should be vacated due to ineffective assistance of counsel. *Doc. 1.* Due to Petitioner's failure to keep his address current with the Court, I recommend this matter be dismissed without prejudice.

On March 29, 2011, Counsel for the government filed a motion seeking an extension of time to file its response to the petition. *Doc. 7.* The Court granted the motion on March 31, 2011 and sent a copy of the order to the address of record for Petitioner. *Doc. 9.* Twelve days later, the order sent to Petitioner was returned to the Court as undeliverable. *Doc. 10.* On April 15, 2011, the Court ordered Petitioner to show cause within 14 days why his complaint should not be dismissed for failure to comply with local rules. *Doc. 11.* That

order notified Petitioner that failure to respond to the Order to Show Cause would constitute an independent basis for dismissal. *Id*. A copy of that order was mailed to Plaintiff at his address of record. *Id*. On April 29, 2011, the Order to Show Cause was returned to the Court as undeliverable. *Doc. 12*. Unsurprisingly, Petitioner has failed to respond the Order to Show Cause within the prescribed time.

Mr. Brown has not kept his address current with the Court as required by D.N.M.LR-Civ 83.6. His failure to comply with the Court's local rules indicates a lack of interest in litigating his claims, and the Court has authority to dismiss his claims for failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962)("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *U.S. ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005)("[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules."); *see also Childs v. Ortiz*, 259 F. App'x 139, 141 (10th Cir. 2007).

I THEREFORE RECOMMEND that Petitioner's case be dismissed without prejudice.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(c). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE